REUBEN N. JOHNSON, APPELLANT, v. BOROUGH OF MON-
MOUTH BEACH, RESPONDENT.

Submitted July 3, 1914—Decided November 16, 1914.

1. The right to contest the validity of proceedings of a municipality
   for a public improvement is a property right accorded to a tax-
   payer, whose interests as such may be injuriously or illegally
   affected, and hence, when it appears that the prosecutor in a
   writ of *certiorari* to contest such proceedings is not a taxpayer,
   the writ should be dismissed.
2. Where it appears that the prosecutor assumed the status of tax-
   payer on the eve of the day upon which he applied for the con-
   testing writ, by purchasing the real estate of another, for the
   purpose of acquiring a legal status, he will be chargeable with
   the laches of his vendor in failing to attack the proceedings
   until the municipality had not only incurred the indebtedness but
   expended moneys upon the apparent legality of its contracts.

On appeal from the Supreme Court.

For the appellant, *Thomas P. Fay.*

For the respondent, *John S. Applegate & Son.*

The opinion of the court was delivered by

MINTURN, J.    This is a *certiorari* brought to review cer-
tain resolutions of the borough of Monmouth Beach, provid-
ing for the laying of sewer pipes for the drainage of surface
water in some of the streets in that borough.

The original resolution was passed February 26th, 1913.
The other was an amendment to the original and was passed
on the 8th of September of that year, the amendment merely
changing the source from which the moneys to be appropri-
ated to the improvement should come.

The original resolution was not passed as required by the
Borough act, having received but three votes out of a council
composed of six members, and it also failed to receive the ap-
proval of the mayor.

No attempt, however, was made to test the validity of the

original resolution until a week after the amending resolution was passed; and in the meantime more than fifty per cent. of the work had been done and nearly twenty-five per cent. of the payments upon the contract had been made. The prosecutor, at the time of the passing of the original resolution, and also at the time of the passage of the amendment in September, appears to have been neither a property owner nor a taxpayer of the borough, and, consequently, was not injuriously affected by the municipal action.

It is difficult to perceive, therefore, how he acquired a status to challenge the municipal action complained of by purchasing property the day before the rule to show cause in this proceeding was granted to him. Manifestly, he could not have been in laches in failing to move sooner, because he possessed no status which qualified him to do so, even if it were true, as urged, that he was interested in the property, the title to which stood in the name of another.

We cannot, however, accede to the proposition that a man can buy himself into a lawsuit, as this prosecutor did, without standing in the shoes of his vendor, and assuming his privileges as a freeholder *cum onere,* especially where the legal status, which is made the basis of complaint, is concededly not the violation of an individual right, but of a right incident to his status as a taxpayer.

Applying that principle to the case *sub judice,* it becomes manifest that the laches of the prosecutor, combined with the laches of his vendor, must be held to debar him from the relief he seeks upon this writ. 1 *Abb. Mun. Corp.* 929; *State* v. *Hudson City,* 29 *N. J. L.* 115; *State* v. *Essex Public Road Board,* 37 *Id.* 335.

Upon that ground the action of the Supreme Court dismissing the writ was proper, and the judgment of that court will be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, WILLIAMS, JJ. 12.

*For reversal*—None.